## MURRAY *v.* EMMONS.

A lease, by a married woman, of land held in her own right is void.

An extent of an execution on land, in possession of the debtor claiming it as his own, passes his possession to the judgment creditor.

TRESPASS for breaking and entering the plaintiff's close, situated in Hill, in this county.

It appeared in evidence that the plaintiff lived in a house upon the premises described in his writ, which was dated September 29th, 1848, and the trespass was alleged to have been committed by carrying away hay, &c., on the 20th of August, 1848.

The plaintiff claimed to have a right to the premises, by virtue of a lease of the same to him from one Susanna Kinsman, dated April 19th, 1848, for one year, which was read in evidence, and was in due form.

It appeared that said Susanna Kinsman was the daughter and heir at law of one William Murray, who died leaving these premises and other property, to be divided among his children, and by a committee duly appointed by the judge of probate, these premises were set off to said Susanna, as her share of her father's estate, on the first day of February, 1812.

That the plaintiff immediately, on the division of the estate as aforesaid, entered into the possession of the said land, and has continued in possession thereof down to the date of the defendant's title, and was in possession prior to the division aforesaid and at the time.

That the plaintiff in this action is a brother of her's, and has lived with her on the premises for some twenty-five years, her husband having gone to parts unknown.

There was evidence tending to show that Mrs. Kinsman lived with the plaintiff, on the premises, from about 1824 to 1838 or 1839, since which time she has lived in Bridgewater, and received support from the county.

That during the time that the plaintiff has occupied the premises he has frequently stated that they were his, and that he had a title to the same, and he has taken and had the income thereof; that prior to 1845 the defendant brought a writ of entry against the plaintiff, for certain lands, in which was included a small portion of the premises now in dispute, and in that suit recovered possession of the land therein claimed; and a writ of possession was issued in May, 1845, against said Murray, and possession given to the said Emmons of the premises then recovered. To satisfy the costs recovered in that suit against said Murray, the larger portion of the property described in the writ in this suit was set off to said Emmons, June 2d, 1845, as the property of said Murray, on which occasion he was present and chose one of the appraisers. He afterwards said he should redeem the land, and talked of getting money to do it.

On the second Tuesday of May, 1846, Weeks & Sargent recovered judgment against said Murray, and extended their execution upon the rest of the premises described in the writ in this suit, on the 26th of June, 1846. He also said that he should redeem the portion set off by this levy, and he afterwards hired of Weeks & Sargent the use of the portion set off to them.

When the land was set off on this execution of Weeks & Sargent, and also on the execution of Emmons as aforesaid, Murray did not state that the land belonged to said Susanna. In November, 1847, said Weeks & Sargent quit-claimed to Emmons all their right to the portion set off to them. And Emmons, claiming the premises by virtue of the set-off to himself and to Weeks & Sargent, and the deed of Weeks & Sargent, carried away the hay, &c., which the plaintiff had cut on the premises.

It appeared further that the trespass, if any, was committed upon that portion of said premises which was set off to said Emmons, for his costs as aforesaid, and also upon that portion set off to said Weeks & Sargent. No trespass was

committed upon that portion which was included in the writ of possession of *Emmons* v. *Murray*. The defendant contended that inasmuch as the said Murray had been in possession of said premises for a long series of years, claiming them as his own, and taking the profits thereof, and by his demeanor and conversation, acts and words, had at all times held out the property as his until the present suit, or until the said lease from said Susanna, he was now estopped from setting up title in said Susanna in this action.

A verdict was taken, by consent, for the plaintiff, on which judgment is to be entered, or the verdict is to be set aside and a new trial granted, as the opinion of the court shall be upon the whole case.

*N. B. Bryant*, for the plaintiff.

*Pike*, for the defendant.

WOODS, J. The defendant, Emmons, derives his title to the land in controversy from two several executions, extended upon distinct parts of it, the one in his own favor, and the other in favor of parties whose acquisition under the levy has been legally conveyed to him. Both executions were issued upon judgments against the plaintiff, Murray, while in possession of the land, claiming it as his own. He himself participated in one of the levies, by appointing an appraiser, and hired that part of the land set off upon the other, from the parties in whose favor it was made. The title of this plaintiff to the land, whatever it was, passed by these levies. Whether his title was what he pretended it was, or a mere naked and unauthorized possession, it is unnecessary for this defendant to show, for it lies not with the plaintiff to deny that it has wholly gone from him by force of those proceedings. Such, indeed, is the view which he has himself taken of his own case, in recognizing in the various forms which the case finds, the titles of those claim-

ing under the levies, and especially in taking a lease of the premises of Susanna Kinsman.

The question, then, arises upon the validity of that lease. Of the title of Susanna Kinsman to the land, there seems to be no controversy. But her power to make a lease of it is wholly taken away by her coverture. There is no authority for maintaining that the lease, deed, or other contract of a married woman, has any validity at all. Unlike the act of an infant, which is voidable only at his election, that of a *feme covert* is inoperative and void from the beginning, and requires only a plea of *non est factum* to annul it. 1 Black. Com. 444; *Ela* v. *Card*, 2 N. H. Rep. 175; Com. Dig. Baron & Feme Q.

The defendant has, therefore, a better right than the plaintiff to the possession of the land in dispute. The action cannot, upon the case presented, be maintained. The verdict must therefore be set aside, and a

*New trial granted.*